TERRELL, Justice.
The parties to this cause were married in New Jersey in 1946. Each had published the banns before. In fact, they were as familiar with the road to Hymen’s altar as a movie star is with the road from Hollywood to Reno. By the calendar they were several* years past the Biblical allotment. As soon as the bells quit ringing, they embarked on a trip to Florida, and established their domicile in St. Petersburg, where they spent a somewhat turbulent domestic existence till the bridegroom brought this suit for divorce in 1953, his bill of complaint alleging extreme cruelty. The chancellor found the equities to be with the plaintiff, and with the sword of equity, like unto the example of Alexander the Great, when he met the Knot of Gordi-us, King of Phrygia, he severed the Gordian Knot. The defendant appealed.
The only point for determination is whether or not the evidence established extreme cruelty.
Appellant contends that desertion and refusal to cohabit does not constitute extreme cruelty. The parties at this time were approaching the four score mark. In the summer of 1951 the plaintiff visited a- daughter by a former marriage, in New Jersey. When he returned to the family domicile, defendant and her daughter by another marriage loaded him and his carpet bag on the automobile, carried them to the front of a down town hotel and heaved them out in the street in the rain with the admonition to stay there and not come home again. He obeyed. It appears that refusal of plaintiff to make defendant *48 the beneficiary in a life insurance policy wás the bone of contention. This with too much daughter-in-law, cross-firing about defendant’s lack of culinary skill and numerous peccadilloes on the part of both, generated a low state of mental and emotional health that reduced the marital union to a sort of hawk and buzzard existence which subjected it to every destructive emotion. The chancellor concluded that this course of conduct caused mental and physical suffering to the plaintiff and rendered further cohabitation of the parties impossible. His finding is supported by Diem v. Diem, 141 Fla. 260, 193 So. 65 and that line of cases.
We agree with the chancellor, so his decree is affirmed.
Affirmed.
ROBERTS, C. J., MATHEWS, J., and GIBLIN, Associate Justice, concur.